# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ABS-SOS PLUS PARTNERS LTD.,**
        **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-1409-Orl-31DAB**

**VEIN ASSOCIATES OF AMERICA, INC.,**
**VEIN ASSOCIATES, P.A., MARK A. McQUAID,**
**MARK A. McQUAID, M.D., P.A., NORTH**
**TEXAS VASCULAR & VERICOSE VEINS, P.A.,**
        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **FINAL MOTION FOR DEFAULT JUDGMENT AGAINST VEIN ASSOCIATES OF AMERICA, INC., AND VEIN ASSOCIATES, P.A. (Doc. No. 27)**
>
> **FILED:**   **November 10, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

      Plaintiff ABS-SOS Plus Partners Ltd. has obtained entries of default against Defendants Vein Associates of America, Inc., and Vein Associates, P.A., who have failed to defend in the case. Doc. No. 26. Plaintiff now moves for final default judgment against these Defendants. Doc. No. 27.

On August 15, 2008, Plaintiff filed a Complaint against multiple Defendants for fraudulent transfer, constructive fraud, breach of contract, and related claims concerning revolving notes and security agreements. Doc. No. 1. Plaintiff obtained an entry of default against Defendants Vein Associates of America, Inc., and Vein Associates, P.A. on October 22, 2008, when they failed to respond to the Complaint. Doc. No. 26.

Plaintiff has now moved for final default judgment against these Defendants. Doc. No. 27. Neither of these two Defendants having appeared, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Default Judgment be granted in part against Defendants Vein Associates of America, Inc., and Vein Associates, P.A., with the final judgment left for determination until the matter is tried.

**Default Judgment**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). A district court may also strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. *See Pickett v. Executive Preference Corporation*, 2006 WL 2947844 (M.D. Fla. Oct. 16, 2006) (striking defendant's pleadings for abandoning its defense, and directing Clerk to enter default against defendant).

The Federal Rules of Civil Procedure also gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders. *See* FED. R. CIV. P. 37(b)(2)(C) (The court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient

party."); *see also* FED.R.CIV.P. 16(f) (incorporating the sanction powers articulated in Rule 37(b)(2)(C) as applied to scheduling or pretrial orders).

Defendants were served with a summons and copy of Plaintiff's Complaint on September 23, 2008; however, these Defendants did not file a timely response with this Court after they were served with process. Doc. Nos. 24, 25. Robert Theobald III was served as president of Vein Associates, P.A. and as president of Vein Associates of America, Inc.[1] Doc. No. 24, 25. The Court finds that these Defendants' failure to timely respond to the Amended Complaint and subsequent entry of default against them served to admit the well pleaded allegations of the Amended Complaint, including that these two Defendants (along with Mark A. McQuaid, M.D., P.A.) have defaulted under the Original Note and Security Agreement by failing to pay the Original Note at maturity on February 29, 2008 . Doc. No. 9 ¶ 26. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

Because default has been properly entered against these two Defendants, they are deemed to have admitted the allegations as to liability made in Plaintiff's Amended Complaint. *See* Doc. No. 9. On or about February 15, 2006, Vein Associates of America, Inc. ("VAA") and Vein Associates, P.A. ("Vein Florida"), and certain other makers, executed and delivered to Plaintiff a Revolving Note for $2,000,000; the Revolving Note was amended three times (referred to collectively as the "Original Note"). Doc. No. 9 ¶¶ 12-13. On January 18, 2007, VAA, Vein Florida and other makers executed to Plaintiff a Term Note for $518,000 (the "Term Note"). Doc. No. 9 ¶ 15. Additional terms of the loan evidenced by the Original Note and Term Note are set forth in a Loan and Security Agreement

---

[1] According to the Florida Secretary of State, Robert Theobald is not listed as the president of Vein Associates of America, Inc.; however, the corporation was administratively dissolved for failure to file its annual report. *See* www.sunbiz.org (record search). Should this Defendant ever make an appearance, it is not foreclosed from raising this issue. The CFO of both entities is the same individual, Andrew Schenker.

dated February 15, 2006 (with amendments) between Plaintiff and borrowers, VAA, Vein Florida and others.  Doc. No. 9 ¶¶ 17-18.  Under the terms of the Security Agreement, Plaintiff was granted as collateral a first priority security interest in all of the present and future accounts receivable, inventory, equipment, and certain personal property of VAA, Vein Florida, and other borrowers; pursuant to the Security Agreement, lockbox agreements were established where the borrowers' accounts receivables would be paid to accounts under Plaintiff's control.  Doc. No. 9 ¶ ¶ 20, 22.  Additionally, in 2007, VAA entered into a Collateral Assignment of Management Agreement in which VAA assigned to Plaintiff all of its rights and amounts due from Mark A McQuaid, M.D., P.A. to VAA under a pre-existing Management Services Agreement.  Doc. No. 9 ¶¶ 23-25.

VAA and Vein Florida[2] have defaulted under the Original Note, the Term Note, and the Security Agreement by failing to pay the Original Note at maturity on February 29, 2008 and the Term Note at maturity on February 19, 2008.  Doc. No. 9 ¶ ¶ 26, 34.  As of October 31, 2008, Defendants Vein Associates of America, Inc. and Vein Associates, P.A. are indebted to Plaintiff in the total amount of $1,585,572.60, including interest.  Doc. No. 28 (Knight Aff.) at 2.

With regard to the other Defendants, Plaintiff alleges that after Plaintiff had declared the Original Note and Security Agreement to be in default, Mark A McQuaid, M.D., P.A., ceased operations and McQuaid formed a new entity, North Texas Vascular & Vericose Veins, P.A., to which he transferred goodwill, patient files, equipment, and the accounts receivable of Mark A McQuaid, M.D., P.A.  Doc. No. 9 ¶ 27.  Although Plaintiff is entitled to default against Defendants Vein Associates of America, Inc. and Vein Associates, P.A., Plaintiff has failed to make a showing that it is entitled to **final** default judgment against these Defendants, when the claims against the other

---

[2]Plaintiff also alleges that Mark A McQuaid, M.D., P.A. defaulted under the Original Note and Security Agreement.  Doc. No. 9 ¶ 26.

three Defendants – Mark A. McQuaid, Mark A McQuaid, M.D., P.A.[3], and North Texas Vascular & Vericose Veins, P.A. – remain to be litigated.

**Separate judgments on multiple claims**

Plaintiff cites as the basis for its entitlement to default final judgment only Federal Rule of Civil Procedure 55(b), governing default judgments. Plaintiff fails to cite or discuss Federal Rule of Civil Procedure 54(b), which governs separate judgments upon multiple claims, provides as follows:

> When more than one claim for relief is presented in an action, . . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FED. R. CIV. P. 54(b). Otherwise, an adjudication of fewer than all the claims or the rights and liabilities of all the parties is not an appealable final decision. *In re Southeast Banking Corp.,* 69 F.3d 1539, 1547 (11th Cir. 1995) (purpose of Rule 54(b) is to prohibit piecemeal appeals).

A district court considering a motion for entry of final judgment in *Canadyne-Georgia Corp. v. Bank of America*, No. 5:96-CV 114-1DF, 2001 WL 1571002, *1-2 (M.D. Ga. Dec. 5, 2001) discussed the criteria for entering separate judgments:

> The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). First, the district court must determine whether the judgment is final. Second, the district court must determine whether there is any just reason to delay entry of an individual final judgment. Although a decision to certify a judgment under Rule 54(b) is committed to the sound discretion of the district court, the Eleventh Circuit has indicated that this discretion should be exercised conservatively: "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" As to the first prong, the Supreme Court has explained that the judgment at issue "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it

---

[3]Mark A. McQuaid, M.D., P.A. filed a suggestion of bankruptcy on October 1, 2008. Doc. No. 13.

> must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' . . . As to the second prong, the Eleventh Circuit has directed district courts to balance the judicial administrative interests and relevant equitable concerns. . . . According to the Eleventh Circuit, consideration of the relevant equitable concerns "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay."

*Id*. (citations omitted).  A separate judgment is not appropriate in this case, where liability remains to be determined against three other Defendants, Mark A. McQuaid, Mark A McQuaid, M.D., P.A., and North Texas Vascular & Vericose Veins, P.A.  Accordingly, it is respectfully **RECOMMENDED** that a **non-final** judgment of default in the amount of $1,585,572.60, including interest[4], be entered against Defendants Vein Associates, P.A. and Vein Associates of America, Inc.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 25, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] The amount ultimately to be awarded against these Defendants is subject to change at the conclusion of the entire case.