**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ABS-SOS PLUS PARTNERS LTD.,**
    **Plaintiff,**

**-vs-**                Case No. 6:08-cv-1409-Orl-31DAB

**VEIN ASSOCIATES OF AMERICA, INC.,**
**VEIN ASSOCIATES, P.A.,**
**MARK A. McQUAID,**
**MARK A. McQUAID, M.D., P.A.,**
**NORTH TEXAS VASCULAR &**
**VERICOSE VEINS, P.A.,**
    **Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, ABS-SOS Plus Partners Ltd. ("Plaintiff"), Motion for Default Judgment against Defendants Vein Associates of America, Inc. and Vein Associates, P.A. (Doc. 27), Magistrate Judge David Baker's Report and Recommendation regarding same (Doc. 32), Plaintiff's Objection to the Report and Recommendation (the "Objection") (Doc. 36), and Defendants', Dr. Mark McQuaid and North Texas Vascular & Vericose Veins, response in opposition to Plaintiff's Objection (the "Response") (Doc. 38).

**I. Background**

In its Amended Complaint, Plaintiff alleges that Vein Associates of America ("VAA"), Vein Associates, P.A. ("Vein PA"), and Mark McQuaid, M.D., P.A. ("MDPA") have defaulted on various agreements, including a revolving note with a principal amount of $2,000,000.00 (Doc. 9,

¶ 26). Subsequent to the default on the note, Plaintiff alleges that Dr. Mark McQuaid ("McQuaid") formed a new entity, North Texas Vascular & Vericose Veins, P.A. ("NTVVV"), to which he and MDPA fraudulently transferred the patient files, accounts receivable, and equipment previously owned by MDPA (Doc. 9, ¶27-28). As a mere continuation of MDPA, Plaintiff alleges that NTVVV is obligated under the note and other agreements to the same extent as MDPA (Doc. 9, ¶30).[1]

MDPA filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas on October 1, 2008 (Doc. 13). Accordingly, the action against MDPA was automatically stayed (Doc. 15). On October 22, 2008, the Clerk of the Court entered a default against VAA and Vein PA, neither of which responded to the Amended Complaint (Doc. 26).

In its Motion for Entry of Default Final Judgment ("Motion for Final Default Judgment"), Plaintiff seeks entry of a final default judgment against VAA and Vein PA in the total amount of $1,598,759.41 (Doc. 27, ¶ 7). The Court referred the motion to Magistrate Judge Baker. On November 25, 2008, Judge Baker issued his Report and Recommendation, in which he recommended that a non-final default judgment be entered against VAA and Vein PA in the amount of $1,585,572.60.[2] As to why the judgment should not be final, Judge Baker reasoned:

> Although Plaintiff is entitled to default against Defendants Vein Associates of America, Inc. and Vein Associates, P.A., Plaintiff has failed to make a showing that it is entitled to

---

[1] Additional allegations in the Amended Complaint are set out in greater detail in Magistrate Judge Baker's Report and Recommendation (Doc. 32) and need not be repeated here.

[2] Plaintiff also asked for an additional $13,186.81 in costs and attorneys' fees (Doc. 27, ¶ 6). Pursuant to FED. R. CIV. P. 54(d), a request for costs and attorneys' fees should be made by separate motion, which should be filed no later than fourteen (14) days after the entry of the default judgment.

> **final** default judgment against these Defendants, when the claims against the other three Defendants – Mark A. McQuaid, Mark A. McQuaid, M.D., P.A., and North Texas Vascular & Vericose, P.A. – remain to be litigated...[Accordingly,] a separate judgment is not appropriate in this case...

(Doc. 32 at 5-6).

The parties agree that a default judgment should be entered against VAA and Vein PA. Thus, the only question before the Court is whether the default judgment against VAA and Vein PA should be final or non-final.

## II. Analysis

Plaintiff contends that VAA and Vein PA's assets, if any, are rapidly dwindling. If Plaintiff is required to wait for final judgment against the remanding defendants, it is unlikely that Plaintiff will be able to collect from VAA and Vein PA (Doc. 36 at 3). Because VAA, Vein PA and the remaining defendants are jointly and severally liable on the note, Plaintiff further contends that the remaining defendants will be denied an opportunity to reduce their own liability if a final default judgment is not entered now (Doc. 36 at 3). As to the risk of multiple appeals arising out of piecemeal judgments, Plaintiff argues that the risk is low and that there is no just reason to delay entry of a final judgement. Finally, citing *Davis v. Oldham*, No. 07-cv-941, 2008 WL 1771809 (M.D. Fla. Jan. 30, 2008), Plaintiff suggests that a final judgment would alleviate the hardship of delaying final judgment while Defendant MDPA's bankruptcy remains pending.

Defendants McQuaid and NTVVV respond by noting that the Amended Complaint seeks essentially the same damages from multiple parties, albeit through various theories of liability (Doc. 38). However, Defendant contends that Plaintiff has failed to allege the specific amount of damages that it seeks from McQuaid and NTVVV. To the extent MDPA may be jointly and

severally liable for the damages sought against VAA and Vein PA, Defendant notes that MDPA's liability will be determined in the Texas bankruptcy action (Doc. 38 at 2). Accordingly, Defendants McQuaid and NTVVV argue that a final resolution of damages should be deferred until there has been a final resolution of liability against all defendants and the bankruptcy of MDPA has been concluded.

Upon a thorough review of the record in this case, the Court concludes that a final judgment is appropriate in this case. There is little, if any, risk of multiple appeals arising out of a final default judgment in this case.[3] Furthermore, Defendants McQuaid and NTVVV have failed to demonstrate any risk of prejudice – either in this Court or in the bankruptcy court. In short, the Court concludes that there is simply no just reason for delay. FED. R. CIV. P. 54. Accordingly, the default judgment against VAA and Vein PA will be final.

## III. Conclusion

Based on the foregoing, it is **ORDERED** that Plaintiff's, ABS-SOS Plus Partners Ltd., Motion for Default Judgment (Doc. 27) is **GRANTED**. The Clerk of the Court is directed to enter a final judgment in the amount of $1,585,572.60, including interest, against Defendants Vein Associates, P.A. and Vein Associates of America, Inc. Plaintiff may file a separate motion regarding costs and attorneys' fees.

---

[3] Indeed, Defendants McQuaid and NTVVV lack standing to appeal the instant Order.

...

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 12, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE