**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ABS-SOS PLUS PARTNERS LTD.,**
    **Plaintiff,**

**-vs-**                     Case No. 6:08-cv-1409-Orl-31DAB

**VEIN ASSOCIATES OF AMERICA, INC.,**
**VEIN ASSOCIATES, P.A.,**
**MARK A. McQUAID,**
**MARK A. McQUAID, M.D., P.A.,**
**NORTH TEXAS VASCULAR &**
**VERICOSE VEINS, P.A.,**
    **Defendants.**
_____

## ORDER

  This matter came before the Court without oral argument upon consideration of Defendants', Mark A. McQuaid and North Texas Vascular & Varicose Veins, P.A. ("Defendants"), Motion to Dismiss and Transfer (the "Motion") (Doc. 42), and Plaintiff's response in opposition thereto (Doc. 47).

  The relevant factual background and procedural posture of this case has previously been addressed in this Court's prior Orders (*See* Docs. 32 and 39). In their instant Motion, Defendants move the Court to dismiss this action pursuant to FED. R. CIV. P. 12(b)(1) and to transfer the case to the Eastern District of Texas.[1] Defendants contend that the claims against them constitute core proceedings within the meaning of 28 U.S.C. § 157(b)(2) and that any determination of those

---

[1] On October 1, 2008, Collin County Medical Professionals, P.A., formerly Mark A. McQuaid, M.D., P.A., filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas (Doc. 13).

claims in this Court would have a significant effect on the debtor's estate in the bankruptcy proceedings (Doc. 42 at 6-7).

Plaintiff responds to the Motion by contending, *inter alia*, that its claims against Defendants: (1) are not core proceedings within the meaning of the bankruptcy code; (2) could exist outside of the bankruptcy proceeding; and (3) were filed prior to the bankruptcy proceeding (Doc. 47 at 4). Plaintiff also asserts that the "Chapter 7 trustee has not pursued an action against McQuaid or North Texas to avoid preferences or recover fraudulent conveyances, or taken any action whatsoever against McQuaid and North Texas" (Doc. 47 at 4). Finally, Plaintiff contends that the loan and security agreement at issue in this case includes a Seminole County, Florida forum selection clause. Although McQuaid and North Texas are not signatories to the loan and security agreement, Plaintiff contends that the Florida selection clause is nevertheless binding on McQuaid and North Texas (Doc. 47 at 5).

Upon review, the Court agrees that Plaintiff's claims are not core proceedings within the meaning of the bankruptcy code and that Plaintiff's claims against McQuaid and North Texas do not attempt to recover property which belongs to the bankruptcy estate. *See generally In re Happy Hocker Pawn Shop, Inc.*, 212 Fed.Appx. 811, 816 (11th Cir. 2006)(citing *Wood v. Wood (In re Wood)*, 825 F.3d 90 (5th Cir. 1987)). In the absence of an appearance by the Chapter Seven trustee in the instant action, the Court will retain jurisdiction over this matter. Accordingly, Defendants' Motion to Dismiss and Transfer will be denied without prejudice.

Based on the foregoing, it is hereby **ORDERED** that Defendants', Mark A. McQuaid and North Texas Vascular & Varicose Veins, P.A. ("Defendants"), Motion to Dismiss and Transfer (Doc. 42) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 19, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE